**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO MENDOZA-AYALA, | No. 13-73082 |
| Petitioner, | Agency No. A200-097-381 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Ricardo Mendoza-Ayala, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision pretermitting Mendoza-Ayala's application for

cancellation of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

for substantial evidence factual determinations, and we review de novo questions of law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The agency did not err in determining that Mendoza-Ayala was statutorily barred from establishing good moral character in order to qualify for cancellation of removal, where substantial evidence supports the agency's finding that he engaged in affirmative acts in support of a smuggling attempt. *See* 8 U.S.C. §§ 1101(f)(3), 1182(a)(6)(E)(i), 1229b(b)(1)(B); *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 747-49 (9th Cir. 2007) (alien smuggling finding was supported by substantial evidence where the record reflected that the petitioner provided "an affirmative act of help, assistance, or encouragement" (citation and quotation marks omitted)). Mendoza-Ayala's contention that the agency failed to properly apply this court's precedent in making the smuggling determination is without merit.

Mendoza-Ayala's contention that the BIA did not sufficiently address issues he raised on appeal is not supported by the record. *See Najmabadi*, 597 F.3d at 990 (the BIA need not "write an exegesis on every contention" raised by a petitioner, so long as it "consider[s] the issues raised and announce[s] its decision

13-73082

in terms sufficient [for] a reviewing court to perceive that it has heard and thought

and not merely reacted" (citation and quotation marks omitted)).

        **PETITION FOR REVIEW DENIED.**